# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CURTIS ANTHONY CLARK, | * |
| | * |
|     PETITIONER, | * |
| | * |
| vs. | * CIVIL ACTION NO. 20-00003-TFM-B |
| | * |
| WARDEN JOHN CROW, | * |
| | * |
|     RESPONDENT. | * |

## REPORT AND RECOMMENDATION

Curtis Anthony Clark, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). In his petition, Clark challenges the sentence arising from his 1999 conviction for two counts of first degree robbery in violation of § 13A-8-41 of the Code of Alabama (1975). (Doc. 1 at 3; Doc. 11 at 2; Doc. 20-1 at 2). Clark's petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for the Dep't of Corrs., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned

recommends that the petition be dismissed as untimely.[1]

I. **FINDINGS OF FACT**

On January 11, 1999, Clark was convicted of two counts of third-degree robbery in the Circuit Court of Mobile County, Alabama, and was sentenced to thirty years' imprisonment. (Doc. 20-1 at 2-5; Doc. 11 at 2; Doc. 20-8 at 4). He did not appeal. (Doc. 11 at 3; Doc. 20-12 at 1).

Approximately two and a half years later, on June 12, 2001, Clark filed a Rule 32 petition challenging his conviction and sentence. (Doc. 20-5 at 1-3; Doc. 11 at 4). On August 28, 2001, the trial court denied the petition. (Doc. 20-5 at 2-3; Doc. 20-6 at 2-3). Clark appealed the denial of his Rule 32 petition, and on November 5, 2001, the Alabama Court of Criminal Appeals dismissed the appeal as untimely. (Doc. 20-7 at 1; Doc. 20-8 at

---

[1] In an order dated February 19, 2020, the undersigned advised Clark that his petition was not on the habeas form required by this Court and ordered Clark to complete and refile his petition on this Court's form. (Doc. 8). Clark filed a new petition on the Court's form on April 20, 2020. (Doc. 11). However, Clark's new petition, while on the correct form, was virtually blank. (Id.). In orders dated April 22, 2020, and July 28, 2020, the Court ordered Clark to refile his petition setting forth his specific grounds for relief and the facts supporting each claim. (Docs. 12, 15). Clark failed to do so. Nevertheless, out of an abundance of caution, and given Clark's payment of the filing fee, one attempt to file on the Court's habeas form, and the COVID-19 quarantine, the Court ordered the Clerk to serve the original petition (Doc. 1) and the supplemental petition (Doc. 11) on Respondent. Respondent has filed an answer (Doc. 20), and this matter is now ripe for consideration.

2

1, 6). The Alabama Court of Criminal Appeals issued a Certificate of Judgment on November 5, 2001. (Doc. 20-8 at 6).

Thereafter, in 2004, 2005, 2006, 2011, and 2013, Clark filed five additional, successive Rule 32 motions, all of which were denied. (Doc. 20-8 at 4, 7, 20; Doc. 20-9 at 1; Doc. 20-10 at 1; Doc. 20-11 at 7-36; Doc. 20-12 at 1; Doc. 20-14 at 3; Doc. 20-15 at 1-4; Doc. 20-16 at 2-4; Doc. 20-17; Doc. 20-18 at 1-4; Doc. 20-19 at 5; Doc. 20-21 at 1).

Clark filed the instant § 2254 petition on October 18, 2019.[2] (Doc. 1). For the reasons set forth herein, the undersigned recommends that Clark's petition be dismissed as barred by the applicable one-year statute of limitations.

## II. ANALYSIS

As best the Court can discern, Clark attacks his 1999 sentence, following his conviction on two counts of first degree robbery in violation of § 13A-8-41 of the Code of Alabama (1975). Clark contends that his sentence was excessive because it was

---

[2] The petition was originally filed in the Middle District of Alabama on October 21, 2019, and transferred to this Court on January 2, 2020. (Doc. 1). Pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Houston v. Lack, 487 U.S. 266, 271-71 (1988); Adams v. United States, 173 F. 3d 1339, 1340-41 (11th Cir. 1999). Although the petition was undated, it is postmarked October 18, 2019. (Doc. 1 at 5).

3

illegally enhanced by the trial court under Alabama's Habitual Felony Offender Act. (Doc. 1 at 2; Doc. 11 at 11). While acknowledging that his petition is untimely (Doc. 11 at 11), Clark argues that he is entitled to be resentenced based on the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Clark appears to argue that the Supreme Court's holding in Johnson, that the residual clause of the federal Armed Career Criminal Act ("ACCA"), set forth in 18 U.S.C § 924(e), was unconstitutionally vague, should be extended to invalidate his sentencing under Alabama's Habitual Felony Offender Act. Clark further appears to argue that Apprendi required that a jury, not the trial court, find that he had multiple prior felonies in order for his sentence to be enhanced under Alabama's Habitual Felony Offender Act. (Doc. 1 at 2). In Respondent's brief in opposition to the petition, Respondent asserts that Clark's claims are untimely, unexhausted, and procedurally defaulted.

For the reasons discussed herein, the Court finds that Clark's petition is untimely and that neither Johnson nor Apprendi apply to this case or otherwise render Clark's petition timely filed. Therefore, Clark's petition is due to be dismissed as untimely.[3]

---

[3] For the reasons discussed herein, Clark's untimely habeas petition is also due to be dismissed because any claims that Clark

**A. Clark's Petition is Untimely.**

Turning first to the timeliness issue, pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to

---

might purport to assert are unexhausted and procedurally defaulted as well.

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As noted above, under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitations period on § 2254 actions commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). In the instant case, the record reflects that Clark was convicted of two counts of third-degree robbery in the Circuit Court of Mobile County, Alabama, and was sentenced on January 11, 1999, to thirty years' imprisonment. (Doc. 20-1 at 2-5; Doc. 11 at 2; Doc. 20-8 at 4). He did not appeal. (Doc. 11 at 3; Doc. 20-12 at 1).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Clark's one-year time period for filing a timely habeas petition in this Court began to run on February 22, 1999. That time calculation took into account the forty-two days during which Clark could have filed an appeal of his conviction or sentence. See Dortch v. Myers, 2019 U.S. Dist. LEXIS 8556, *5, 2019 WL 1104995, *2 (S.D. Ala. Jan. 16, 2019), *report and recommendation adopted*, 2019 WL 1102212 (S.D. Ala. Mar. 8, 2019). Therefore, absent a tolling event, the limitations period in this case expired one year later, on February

6

22, 2000. The record shows that Clark did not file his habeas petition until October 18, 2019, almost *twenty years after* the limitations period expired. Thus, unless Clark can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

As noted above, § 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Clark filed six Rule 32 petitions in the state court, they were not pending during the running of the AEDPA limitations period. Indeed, Clark did not file his first Rule 32 petition until June 12, 2001, well over one year *after* the expiration of the habeas limitations period on February 22, 2000. (Doc. 20-5 at 1-3; Doc. 11 at 4). The law is clear that petitions "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam); see also Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction

7

application actually pending in state court."). Because the AEDPA limitations period had already expired by the time Clark filed his first Rule 32 petition, that petition had no tolling effect, nor did any of the subsequent Rule 32 petitions that he filed. Thus, the instant federal habeas petition, which was filed on October 18, 2019, almost *twenty years* after the expiration of AEDPA's one-year deadline, was untimely.

### B. Neither Johnson nor 28 U.S.C. § 2244(d)(1)(C) apply to this case.

In an apparent effort to avoid the effect of his untimeliness, Clark appears to argue that another triggering date applies to this case, that is, § 2244(d)(1)(C). Under that provision, the triggering date is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Although Clark's precise argument is unclear, he cites the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), set forth in 18 U.S.C § 924(e), was unconstitutionally vague. Id., 135 S. Ct. at 2557-58, 2563. Clark appears to argue that the holding in Johnson should be extended to Alabama's Habitual Felony Offender Act, and thereby

8

render his sentence unconstitutional. Clark's reliance on Johnson fails for several reasons. First, Clark was not sentenced under the ACCA and, thus, cannot rely on Johnson. Second, Clark cites no authority suggesting that Johnson should be extended to Alabama's Habitual Felony Offender Act. To the contrary, other courts have held that the holding in Johnson does not extend beyond the federal ACCA. See, e.g., Worthy v. Secretary, Dep't of Corrs., 2019 U.S. Dist. LEXIS 19053, *4, 2019 WL 10747147, *2 (M.D. Fla. Feb. 6, 2019)("Worthy contends that Johnson should apply to Florida's PRRA [Prison Releasee Re-offender Act]. Johnson is limited to only the residual clause in the ACCA and is inapplicable to Florida's PRRA."); Galloway v. Smith, 2018 U.S. Dist. LEXIS 108646, *1, 2018 WL 3208162, *1 n.1 (E.D. Pa. June 29, 2018)(holding that Johnson did not affect the untimeliness of petitioner's § 2254 habeas petition because the petitioner was sentenced under Pennsylvania's third degree murder statute, not the ACCA, and that, even assuming that Johnson did restart the habeas limitations period, the petition still would be untimely as it was filed sixteen months after Johnson was decided).

Similar to the petitioner in Galloway, Clark filed his habeas petition more than four years after Johnson was decided in June 2015. Therefore, in no event could it restart Clark's habeas limitations period. See Galloway, 2018 U.S. Dist. LEXIS 108646,

9

*1, 2018 WL 3208162, *1 n.1; see also 28 U.S.C. § 2244(d)(1)(C)(providing that the one-year limitations period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court."). For each of the foregoing reasons, any claim asserted by Clark based on Johnson fails.

**C. Equitable Tolling does not apply.**

Before the Court can recommend dismissal of Clark's habeas petition as untimely, the Court must determine whether he has pled extraordinary circumstances that require a contrary conclusion. That is, the Court must examine whether Clark has demonstrated that the equitable tolling provisions of the AEDPA have been triggered, which would excuse the untimeliness of his petition.

The Eleventh Circuit has stated:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik [v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645, 649 (2010) ("[W]e hold that

10

§ 2244(d) is subject to equitable tolling in appropriate cases.... We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); Diaz v. Secretary for the Dep't of Corrs., 362 F.3d 698, 701 (11th Cir. 2004) (per curiam). Moreover, as a general rule, "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary for the Dep't of Corrs., 259 F.3d 1310, 1314-15 (11th Cir. 2001) (per curiam), *cert. denied*, 535 U.S. 1080 (2002)(citations omitted).

Here, Clark does not allege that extraordinary circumstances prevented his timely filing, nor does there appear to be any facts that would suggest that extraordinary circumstances stood in his way. Accordingly, any possible argument based on equitable tolling fails.

Where the Respondent has asserted the defense of statute of limitations, and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of the AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-

barred. See Howard v. Stewart, 2019 U.S. Dist. LEXIS 188283, *15, 2019 WL 6501727, *4-6 (S.D. Ala. Oct. 29, 2019), *report and recommendation adopted*, 2019 WL 6499124 (S.D. Ala. Dec. 3, 2019). Accordingly, the undersigned finds that, because Clark has neither established that equitable tolling is warranted in this case nor demonstrated actual innocence,[4] his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

**D. Exhaustion and Procedural Default - Apprendi Claim.**

Last, in his petition, Clark cites the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). As best the Court can discern, Clark argues that Apprendi required that a jury, not the trial court, find that he had multiple prior felonies in order for his sentence to be enhanced under Alabama's Habitual Felony Offender Act. (Doc. 1 at 2). Again, Clark's argument fails for multiple reasons.

---

[4] The Court notes that Clark does not even allege "actual innocence" as an exception to the untimeliness of his habeas petition. See generally Rozzelle v. Secretary, Fla. Dep't of Corr., 672 F.3d 1000, 1017 (11th Cir. 2012)("To support a claim of actual innocence, a time-barred § 2254 petitioner must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have convicted him in light of the new evidence.'")(citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). Thus, this exception is inapplicable.

First, in Apprendi, the Supreme Court held that, "*[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added). Notably, Apprendi specifically exempts from its holding the necessity of proving *a prior conviction* in order to invoke a habitual felony offender act. See Odum v. Secretary, Dep't of Corrs., 2020 U.S. App. LEXIS 18698, *4, 2020 WL 3412327, *2 (11th Cir. June 12, 2020), *cert. denied sub nom.*, 2021 WL 161078 (U.S. Jan. 19, 2021)("Apprendi specifically exempts from the jury's factfinding function" "proof of prior convictions."); Collins v. Secretary, Fla. Dep't of Corrs., 2020 U.S. Dist. LEXIS 184995, *35, 2020 WL 5910106, *13 (M.D. Fla. Oct. 6, 2020)("as Apprendi specifically exempts prior convictions from its holding, Collins' claim is without merit."). Thus, because Apprendi "specifically exempts prior convictions from its holding," Clark's argument that Apprendi required a jury to establish the fact of his prior convictions before he could be sentenced under Alabama's Habitual Offender Act is completely without merit.

Furthermore, as Respondent points out, Clark's Apprendi claim (as well as any other federal claim that Clark might have asserted in the instant petition) is unexhausted, as well as time-barred,

13

since Clark failed to appeal his conviction and sentence and failed to appeal the denials of any of his six Rule 32 petitions all the way through the state court system to the Alabama Supreme Court. (See Docs. 20-1, 20-2, 20-5, 20-6, 20-7, 20-8, 20-9, 20-10, 20-11, 20-12, 20-13, 20-14, 20-15, 20-16, 20-17, 20-18, 20-19). See also Pruitt v. Jones, 348 F. 3d 1355, 1358-59 (11th Cir. 2003)("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary.")(quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(internal quotation marks omitted)). Not only did Clark fail to properly exhaust in the state court any federal claims that he might have had, he is prohibited from presenting such claims now because any subsequent Rule 32 petition would be untimely and successive. See Ala. R. Crim. P. 32.2(a) and 32.2(b). Last, Clark does not assert the "cause and prejudice" exception or the "fundamental miscarriage of justice" exception to procedural default. See generally Coleman v. Thompson, 501 U.S. 722, 750 (1991), *holding modified by* 566 U.S. 1 (2012); Murray v. Carrier, 477 U.S. 478, 488 (1986); Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Accordingly, for each of the foregoing reasons, any claim asserted by Clark on the basis of Apprendi fails.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were

15

'adequate to deserve encouragement to proceed further.'").

In the instant action, Clark's claims are clearly time-barred and procedurally defaulted, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). He also has failed to make a showing of "actual innocence" of the charge for which he was convicted. Schlup v. Delo, 513 U.S. 298, 327 (1995). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Clark should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Clark's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court dismiss Clark's petition with prejudice as time-

barred, that the Court find that Clark is not entitled to a Certificate of Appealability, and that the Court find that Clark is not entitled to proceed *in forma pauperis* on appeal.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

17

Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **8th** day of **April, 2021.**

                                        **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**